UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE SAMUEL RYAN,<br><br>Plaintiff,<br><br>v.<br><br>SHENGYANG WANG,<br><br>Defendant. | Case No. 18-cv-05708-JSC<br><br>**MOTION TO REMAND**<br>Re: Dkt. No. 6 |

Defendant Shengyang Wang removed this action from Sonoma County Superior Court based on diversity jurisdiction. Now pending before the Court is Plaintiff Wade Ryan's motion to remand.[1] (Dkt. No. 6.)[2] Having considered the papers and having had the benefit of oral argument on November 29, 2018, the Court DENIES the motion.

### 1. Plaintiff's Motion to Remand is Not Moot

Defendant insists that Federal Rule of Civil Procedure 15(a)(1) allows him to amend his "pleadings" once as a matter of course and therefore Plaintiff's motion to remand is moot. (Dkt. No. 14 at 3:15-21.) Not so. While Rule 15 allows a party to amend its pleading "once as a matter of course," a notice of removal is not a pleading. Fed. R. Civ. P. 15. *See* Fed. R. Civ. P. 7(a); *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 213 (3d Cir. 2014) ("Rule 15, however, only applies to an 'amendment to a pleading.' Rule 7(a) lists the types of 'pleadings' and a notice of removal is not among them.") (internal citations omitted).

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 9 & 11.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Accordingly, Plaintiff's motion to remand is not moot.[3]

### 2. Removal Was Timely

Plaintiff's insistence that Defendant's thirty-day removal deadline was triggered in November of 2017, the date Plaintiff served Defendant with the action, is wrong.

> [S]ection 1446(b) identifies *two* thirty-day periods for removing a case. The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.' The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained.

*Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (quoting *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005); 28 U.S.C. § 1446(b)(3)) (internal citations omitted) (emphasis added).

Here, the first thirty-day removal period is not triggered because Plaintiff's complaint is not removable based on diversity jurisdiction on its face: it states only that the action is an "unlimited civil case" and that the amount demanded "exceeds $25,000," and without any reference to the citizenship of the parties. (Dkt. No. 1-1 at 2.) Plaintiff's written settlement demand package and related phone conversations with Defendant prior to the service of the complaint did not trigger the second thirty-day removal period. *See Carvalho*, 629 F.3d at 886 ("[i]t is axiomatic that a case cannot be removed before its inception . . . any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period"); *Kuxhausen v. BMW Fin. Servs. NA LLC,* 707 F.3d 1136, 1142 (9th Cir. 2013) ("Because Kuxhausen's demand letter was provided to BMW before she initiated her suit, it cannot trigger [the second] thirty-day period.").

Defendant's removal—21 days after receipt of the discovery responses evidencing Plaintiff's domicile—was timely. *See* 28 U.S.C. § 1446(b)(3).

### 3. The Notice of Removal Properly Alleges Diversity Jurisdiction

Plaintiff's contention that the case must be remanded because the evidence of Defendant's

---

[3] And even if Plaintiff's motion were moot to the extent it relied on the sufficiency of the original Notice of Removal, the amended Notice would not save an untimely removal.

citizenship accompanying the Notice of Removal—counsel's declaration—is insufficient is also incorrect. Section 1446(a) requires a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446. "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure . . . courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H. R. Rep. No. 100–889, p. 71 (1988)).

Here, in both the original Notice of Removal Defendant alleges upon "information and belief" that Plaintiff is domiciled in California and Defendant is domiciled in Shandong, China, and that the amount in controversy is approximately $271,776. (Dkt. Nos. 1 at ¶¶ 6, 9, 10; 12 at ¶¶ 6, 7, 8.) These allegations are supported by Plaintiff's summons to his complaint and discovery responses. (*See* Dkt. No. 2-1 at 8 (Plaintiff states that he is making a claim for "$91,776.00" in past wage loss and "$180,000.00" in future wage loss); *id*. at 11:12-14 (Plaintiff's response states that Defendant's address is "210 Beiyi Rd. Dongying, Shan Dong, China."); 15-4 at 2 (Plaintiff's summons states, "Shangyang Wang, a foreign renter of a car from Hertz.").) Thus, Defendant alleges both the amount in controversy and complete diversity requirements. *See* 28 U.S.C. § 1332.

Accordingly, Defendant has properly alleged "a short and plain statement of the grounds for removal" in both the original and amended notice of removal. 28 U.S.C. § 1446. Should discovery demonstrate that the allegation as to Defendant's domicile in the notice of removal is incorrect and that Defendant was in fact domiciled in California at the time the complaint was filed, Plaintiff may renew his motion to remand. *See* 28 U.S.C. § 1447(c).

## CONCLUSION

Accordingly, Plaintiff's motion to remand is DENIED.

This Order disposes of Docket No. 6.

**IT IS SO ORDERED.**

Dated: November 30, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3